Thomas, Justice, delivered the opinion of the court: (1) This was an action of debt, under the statute, for cutting timber. The declaration charges that the defendant in error, who was also defendant in the court below, on, etc., at, etc., unlawfully and without permission from the plaintiffs, cut and felled divers trees (therein particularly described), then being and standing on the land of the said plaintiffs (also described), and avers that said land had been purchased at the land office at Kaskaskia by the said Sarah Whiteside, and- that said trees belonged to the said plaintiffs. Plea nil debet and issue thereon. The plaintiffs having proved by a witness on the trial the cutting of the timber in November, 1838, on the land described in the declaration, and read in evidence, without objection, a patent to the said Sarah Whiteside for the said land, dated 10th November, 1840, offered also to read in evidence to the jury an official certificate of the register of the land office at Kaskaskia, certifying the purchase of the said land by the said Sarah White-side, at the said land office, on the 16th day of August, 1838. The defendant, admitting the signature of the 337] said register to the said certificate, nevertheless objected to its being read in evidence to the jury; and his objection was sustained by the court, and said certificate excluded from the jury. To this decision of the court the plaintiffs excepted. Upon this evidence the jury found a verdict for the defendant. The plaintiffs moved for a new trial, and their motion being overruled, they excepted to the opinion of the court. From the bill of exceptions allowed by the judge of the circuit court, the foregoing facts appear. The plaintiffs now prosecute their writ of error, and assign for error the refusal of the circuit court to permit the aforesaid certificate of the register of the land office at Kaskaskia, to be read in evidence to the jury. This error is well assigned. The plaintiffs could not have maintained this action, without proof of title in themselves to the land on which the trespass was committed. This was required as well by the statute, as by the allegations of the plaintiffs’ declaration, (they being denied by defendant’s plea,) and its absence could not have been supplied, as supposed by the counsel for the defendant in error, by proof of possession by the plaintiffs, of the premises in question. This doctrine is recognised by this court in the case of Wright v. Bennett, 3 Scam. 259. The court there says, “that the plaintiff, to recover under this statute, must show that he is the owner of the land from which the' trees were cut and carried awayand that this can be done only by proving that he has an estate in fee simple, in such land. Evidence of such an estate in the wife, in the land trespassed on, was therefore necessary in this case, in order to sustain the allegation of the plaintiffs’ declaration, that the husband and wife were the owners of such land. This proof would have been found in the certificate of the register, offered in evidence, which, for that purpose, was legally sufficient.. R. L. 280; Gale’s Stat. 287. This evidence, then, being pertinent, material, and legal, ought certainly not to have been excluded from the jury. The facts that a patent,had been issued to Sarah Whiteside for the same land, and that such patent had been read in evidence, on the trial,' could not in any degree affect the question of the admissibility of the certificate in evidence, for the purpose for which it was offered. It did not, and was not intended to contradict the patent; nor was it used to prove anything that could have been proved by the patent. The patent furnished no evidence of title to lands trespassed on, before its emanation, although it would have been the highest evidence thereof afterwards ; the certificate did exhibit such evidence ; consequently the former was immaterial, the latter indispensable. Let the judgment be reversed, and the cause remanded, [* 338] with instructions to the circuit court' to award a venire de novo. The plaintiffs in error will recover their costs. Judgment reversed. Shields, Justice, having been of counsel in this cause, gave no opinion.